IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ROY MCMULLEN | § | |
| Plaintiff | § | |
| | | Case No. _____ |
| vs. | § | Judge _____ |
| | | |
| QUAD/GRAPHICS MARKETING, LLC; | § | "JURY REQUESTED" |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Roy McMullen, Plaintiff, in the above styled and numbered cause of action complaining of Quad/Graphics Marketing, LLC, Defendant herein, and for cause would show the following:

**I.** **Parties**.

1.      Plaintiff Roy McMullen is a citizen of Texas and a resident of Lufkin, Angelina County, Texas.

2.      Defendant Quad/Graphics Marketing, LLC (sometimes referred to hereinafter as "Quad/Graphics") is a foreign limited liability company organized under the laws of the state of Wisconsin and doing business in Texas.

3.      Quad/Graphics' sole member is Quad/Graphics, Inc., which is a corporation that was incorporated in the state of Wisconsin and has its principal place of business in Wisconsin. Quad/Graphics, Inc.'s high level officers direct, control and coordinate the corporation's activities in Wisconsin.  Thus, Quad/Graphics, Inc. is not a citizen of Texas because it was neither incorporated in nor has its principal place of business in Texas.  Therefore, Quad/Graphics

Marketing, LLC is not a citizen of Texas, since its sole member is not a citizen of Texas.

4.      Quad/Graphics Marketing, LLC may be served with process by personally delivering a true copy of the summons with a copy of this Complaint attached thereto to its registered agent for service of process, CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-4234.

5.      Quad/Graphics has over 500 employees.

**II.    Jurisdiction/Venue.**

6.      The Court has jurisdiction over Quad/Graphics because Quad/Graphics is authorized to do and is currently doing business in the State of Texas, has purposely availed itself of the rights and privileges of Texas law, and committed the bad acts out of which this case arises in the State of Texas.  Prior to 2013 and continuing to the present, Quad/Graphics operated and continues to operate a printing plant in Lufkin, Angelina County, Texas, at which plant Plaintiff was employed by Quad/Graphics.  At all relevant time, Quad/Graphics was Plaintiff's "employer" as that term is used in the Texas Commission on Human Rights Act (Texas Labor Code Chapter 21) because Quad/Graphics was, at all times relevant to this lawsuit, engaged in an industry affecting commerce, to wit, producing color inserts for newspapers in the state of Texas to be distributed to residents of the state of Texas, and had over 500 employees.  TEX. LAB. CODE § 21.002(8)(A).

7.      The Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen only of Texas; Quad/Graphics is not a citizen of Texas; and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas.  Plaintiff was employed by Quad/Graphics at Quad/Graphics' plant in Lufkin, Angelina

County, Texas, within the Eastern District of Texas, and Quad/Graphics terminated Plaintiff because of his age in Lufkin, Angelina County, Texas, within the Eastern District of Texas.  The unlawful employment practices giving rise to this lawsuit were committed at Quad/Graphics' facility located in Lufkin, Angelina County, Texas, and the damages Plaintiff incurred as a result of those unlawful employment practices were incurred in Lufkin, Angelina County, Texas, where Plaintiff resides.

**III.**   **Facts.**

9.      On January 19, 2014, Quad/Graphics terminated Plaintiff from his position as Press Rom Supervisor because of his age (that is, Plaintiff's age was a motivating factor in Quad/Graphics' decision to terminate him).  Plaintiff was 63 years old at the time of his termination.  Plaintiff was qualified for the position of Press Room Supervisor, and was capable of performing the job functions required of the position. Plaintiff had worked for Quad/Graphics and its predecessor, Vertis Communications, since July 24, 1970.

10.     Quad/Graphics is in the business of producing color inserts for newspapers, such as those contained in Sunday edition newspapers.  In the course of preparing an insert, a Quad/Graphics employee "pulls" a sample from the batch to show to the customer for the customer's approval.  The supervisor then approves the sample before it is shown to the customer.

11.     On January 19, 2014, McMullen was terminated from his position as Press Room Supervisor by Quad/Graphics' Manufacturing Manager and CI/Lean Leader, Howard Guy Gustafson. McMullen was told that he was terminated because a sample he had approved to show to the client (Rooms to Go) was unsatisfactory to the client and that Quad/Graphics had lost the client's business because of this. However, Quad/Graphics did not in fact, lose the client's business.  Instead, the client's business was simply transferred to another of Quad/Graphics' plants.  After Plaintiff was terminated, the Lufkin plant resumed printing inserts for Rooms to Go.

12.     Plaintiff approved but did not actually pull the allegedly defective sample. The Quad/Graphics employee who had actually pulled the allegedly unsatisfactory Rooms to Go sample, 43-year-old Anthony Chock, was not terminated as a result of the incident.  To the contrary, he was promoted to Plaintiff's position after Plaintiff was terminated.

13.     Younger Press Room Supervisors who had signed off on samples with which the clients were not satisfied were not terminated.  In fact, it is a common occurrence for the client to be unsatisfied with a pulled sample.   Yet Plaintiff was the only employee terminated because a client was dissatisfied with a sample.

14.     Quad/Graphics had a pattern and history of terminating and discriminating against older employees.  Plaintiff's termination was the result of this pattern.  Quad/Graphics' discriminatory animus for Plaintiff's termination is evidenced by the fact that Quad/Graphics assigned Plaintiff additional tasks that younger, similarly situated supervisors were not required to perform.  Assigning older workers additional duties was also a practice of Quad/Graphics.

15.     All conditions precedent have been performed or have occurred, and Plaintiff has exhausted his administrative remedies.  Specifically:

    a.      Plaintiff filed his charge of discrimination with the Texas Workforce Commission Civil Rights Division on June 16, 2014 (Exhibit A), within 180 days of his termination;

    b.      McMullen received his notice of right to sue from the Texas Workforce Commission, Civil Rights Division, dated January 30, 2015 (Exhibit B), on February 4, 2015; and

    c.      This lawsuit was filed on March 23, 2015, within 60 days after the Texas Workforce Commission Civil Rights Division issued Plaintiff's notice of right to sue.

IV.    **Cause of Action:  Violation of the Texas Commission on Human Rights Act – Age Discrimination**

16.    Plaintiff incorporates all of the above allegations in this section as if they were set out herein verbatim.

17.    On January 19, 2014, Quad/Graphics was an employer, as that term is defined by the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.002(8)(A), and Plaintiff was Quad/Graphics' employee.  On that date, Quad/Graphics terminated Plaintiff from his position as Press Room Supervisor because of his age (that is, his age was a motivating factor in Quad/Graphics' decision to terminate him), in violation of the Texas Commission on Human Rights Act.  Tex. Lab. Code §§ 21.051; 21.125(a).  Plaintiff was 63 years of age at the time of his termination.  Plaintiff was qualified for the position from which he was terminated, and had performed the functions of that position well for over 20 years.  The reason Quad/Graphics gave for terminating Plaintiff was false, and a pretext for age discrimination.  Plaintiff was treated differently than similarly situated younger employees, who were not terminated under similar circumstances.  Plaintiff was replaced with a younger employee.  This younger employee was the one that actually pulled the sample with which the client was allegedly unsatisfied, the incident Quad/Graphics gave as its pretextual basis for firing Plaintiff.  Yet Plaintiff was terminated while the younger employee was promoted to Plaintiff's position.

18.    Quad/Graphics terminated Plaintiff unlawfully because of his age with malice or with reckless indifference to the state-protected rights of Plaintiff.  That is, Quad/Graphics specifically intended to harm Plaintiff by terminating him, and/or it knew that terminating Plaintiff violated the law.  That Quad/Graphics specifically intended to harm Plaintiff is manifest from its pattern of "running off" older employees by increasing their duties and generally making their working lives difficult in an

effort to get them to quit or create a pretext for firing them, and the fact that they held to this pattern in the case of Plaintiff, which ultimately resulting in Quad/Graphics terminating Plaintiff on a pretextual basis.  The fact that Quad/Graphics knew that terminating Plaintiff under these conditions was in violation of the law is manifest from the facts that (i) Quad/Graphics is a large, nationwide company with hundreds if not thousands of employees, which is subject to Title VII of the Civil Rights Act and its state-law equivalents (including the Texas Commission on Human Rights Act, Texas Labor Code Chapter 21), and (ii) the pattern of discrimination against older employees, including Plaintiff, was a scheme encouraged by the management of Quad/Graphics.  Quad/Graphics must have known that terminating a 63-year-old employee because of his age on the false and pretextual basis that he had pulled a bad sample resulting in the loss of the customer, and then replaced him with the much younger employee who had been the employee that actually pulled the bad sample, violated Title VII and its state-law equivalent, Texas Labor Code Chapter 21.

## V.   **Remedies**.

19.    Plaintiff incorporates all of the above allegations in this section as if they were set out here verbatim.

20.    As a result of Quad/Graphics' wrongful termination of Plaintiff, Plaintiff has suffered and will suffer, and seeks to recover, all compensatory damages to which the law entitles him, including (i) future pecuniary losses (other than front pay) and (ii) past and future emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.  Plaintiff seeks to recover compensatory damages in the maximum amount permitted by law.  TEX. LAB. CODE § 21.2585(a), (c), (d).

21.    Plaintiff further seeks equitable remedies, including (i) reinstatement with back pay or, alternatively, front pay in lieu of reinstatement plus back pay, and (ii) costs, including reasonable

attorney fees and reasonable expert fees.  TEX. LAB. CODE §§ 21.258, 21.259.

22.    Because Quad/Graphics terminated Plaintiff with malice or reckless indifference to Plaintiff's

state-protected rights, Plaintiff seeks to recover punitive damages in the maximum amount permitted

by law.  TEX. LAB. CODE §§ 21.585(b), (d).

**VII.    Jury Demand.**

23.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury.

**VIII.    Prayer.**

24.    Plaintiff asks that Quad/Graphics be cited to appear and answer and, on final trial, that

Plaintiff have judgment against Quad/Graphics for affirmative relief, compensatory and punitive

damages, prejudgment and post judgment interest as allowed by law, attorney and expert fees, and

litigation expenses, and costs of suit.

Respectfully submitted,

CHANDLER, MATHIS & ZIVLEY, P.C.
P.O. Box 340
Lufkin, Texas 75902-0340
(936) 632-7778
(936) 632-1304

By: _____
       George Chandler
       State Bar No. 04094000

ATTORNEY FOR PLAINTIFF